UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISEO RAMIREZ PACHECO (A-246-060-682),<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | Case No. 1:26-cv-01341 DAD-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Eliseo Ramirez Pacheco (A-246-060-682), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his detention without a hearing violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), his due process rights under the Fifth Amendment, and his right to relief under Maldonado Bautista v. Santacruz, No. 5:25-cv-1873, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). (Id. (claims one through four).) On February 19, 2026, the district court granted petitioner's motion for a preliminary injunction and ordered petitioner be provided a bond hearing. (ECF No. 11.) For the following reasons, this Court recommends that the petition be granted.

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II. DISCUSSION[1]

On February 16, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 3.) On February 17, 2026, the district court directed respondents to substantively address whether there are any factual or legal issues in this case that render it distinct from the district court's prior order in Rangel v. Noem, No. 1:26-cv-00084-DAD-CSK, 2026 WL 73996 (E.D. Cal. Jan. 9, 2026), and other similar cases. (ECF No. 8.) On February 17, 2026, respondents filed an opposition to the motion for a temporary restraining order. (ECF No. 9.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2), but also acknowledged that this case was not distinguished from Rangel v. Noem and other similar cases. (ECF No. 9.) Respondents further argued that though petitioner may fit the definition of the class in Maldonado Bautista, membership in the class did not entitle petitioner to a bond hearing where the district court in Maldonado Bautista lacked authority to grant relief for a petitioner detained in a different district. (See id. at 2.)

On February 19, 2026, the district court noted respondents' acknowledgment that there are

[1] The factual and procedural background previously presented in the district judge's order is incorporated herein. (See ECF No. 11.)

no factual or legal issues in this case that render this case distinct from Rangel v. Noem and non-opposition to converting the motion to a motion for a preliminary injunction. (ECF No. 11.) The district court converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction in part pursuant to the district court's reasoning in Rangel v. Noem. (Id.) The district court ordered respondents "to provide petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)." (Id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.)

On March 2, 2026, in response to this Court's order, the parties filed status reports. (ECF Nos. 14, 15.) Petitioner reported that he had not timely received a bond hearing as ordered by the district court, and respondents reported that petitioner was released from custody on March 2, 2026. (ECF No. 15.) Respondents requested the opportunity to address petitioner's release, and the Court provided the parties with an opportunity to submit additional briefing. (ECF Nos. 15, 16.) Respondents filed an opposition on March 18, 2026, requesting that the petition be dismissed as moot because petitioner was released from custody. (ECF No. 17.) Petitioner filed a reply on March 26, 2026, arguing that his petition was not moot. (ECF No. 18.) Briefing is closed. (See Docket.)

After the petition was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails.

Given Rodriguez Vazquez, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner was subject to § 1226, not § 1225(b)(2) as respondents argued (claim one). See Rodriguez Vazquez, 183 F.4th 1160; ECF No. 11. The fact that petitioner was released after the district court's order granting a preliminary injunction does not render this petition moot.

Because the resolution of the first claim provides the relief requested, the Court need not reach the second through fourth claims. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025).

## III. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory claim (claim one).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Eliseo Ramirez Pacheco (A-246-060-682) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation, constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231)."

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 26, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/rami.1341.26.frs